Kinsey C. J.
I see no objection to this proceeding, the
Court may order a decern tales in such a case. The other Justices concurring a decern tales was ordered returnable the following day at 10 o’Clock A. M.
After the decern tales was ordered, the counsel for the plaintiff challenged the first pannel, because arrayed and returned by Edxvard Vaughn, and not by Flannigan the sheriff of Gloucester county. The defendants take issue upon the fact; on which defendant’s counsel move for tryors.
Kinsey C. J.
They must be taken out of the pannel agreeably to the law as laid down in Trials per Pais.
Ab. Ogden, cited Complete Juryman 137 to show that the court might appoint others in their discretion, But
Per Cur.
In the first instance they must come from the pannel; if there are special objections, other persons may be appointed.
*286 The tryors were affirmed “ well apd troh* v \-,y - .js of challenge joined, and a time finding nv-'
A witness was called to prove thot ík. ~\-.i ' ctringas was in the hand writing of Vent'dm <0-
Vaughn was himself in Court and should be i'i 11.,
Court ordered Vaughn to be called and svuvw
Being examined, he proved the return of pu. b . > tringas to be in his hand writirig. He swore ais * - as the deputy of Flannagan the sheriff but said that his station was at his home.
Objected, that being a private deputy, and not a publick officer, he should show his written deputation.
Per Cur. The proof is sufficient for the tryors. (a)
Vaughn then proved that he had never been sworn into of* fice until that morning, but had acted as undersheriff since his deputation.
Per Cur.
In charge to tryors—
Vaughn was not a complete deputy to perform the duties of his office, or to return process, until he had taken the necessary oaths. His swearing in at this period cannot help his imperfect acts by relation. A case has been cited from our own minutes in April term 1788. which is in point, and is good law.
The tryors returned a verdict that the array was not valid; whereupon it was quashed, and the jury discharged.
After the finding of the tryors, and before the Court had quashed the array, the counsel for the defendant objected that no challenge lay to the array of a special jury on the ground that they were not returned by the sheriff; for that they were returned by the Judge, and therefore contended that the finding of the tryors was void. But the Court overruled the objection, and said, that special jurors were summoned and returned by the sheriff.

 Note. In the case of a publick officer as a sheriff, deputy sheriff, justice of the peace, constables &c. it is sufficient to prove that he acted as a publick officer without showing his appointment. Berryman v. Wise. 4 T. R. 366. Potter v. Luther 3 Johns. 431.